**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL WEST,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 26-13678 (SDW)<br><br>**WHEREAS OPINION/ORDER**<br><br>November 20, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Michael West's ("Plaintiff") Motion to Appoint Pro Bono Counsel (D.E. 3 ("Motion")); and

**WHEREAS** a district court may use its discretion to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1); and

**WHEREAS** if a district court finds that a plaintiff's claim has merit, it weighs the following factors in determining whether pro bono counsel should be appointed: "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *see Tabron v. Grace*, 6 F.3d 147, 155–58 (3d Cir. 1993); and

**WHEREAS** without the full record in the instant matter, this Court cannot assess whether appointment of pro bono counsel for Plaintiff would be appropriate, as this Court is unable to conduct a fulsome analysis under the *Parham*/*Tabron* or other pertinent factors; therefore

**IT IS**, on this 20th day of November 2026,

**ORDERED** that Plaintiff's Motion is **DENIED** without prejudice and that Plaintiff may renew his request at the appropriate time.

**SO ORDERED.**

/s/ *Susan D. Wigenton*

**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties